UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SHAMAR L. BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 6:13-CV-63-HRW-REW |
| | ) | |
| J. C. HOLLAND, Warden, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \*

On March 20, 2013,[1] *pro se* Petitioner, Shamar L. Banks, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Banks seeks relief from an April 2002 conviction in the Court of Common Pleas of York County, Pennsylvania. DE #1 (Petition) at 2.[2] Banks raises one claim of ineffective assistance based on counsel's alleged failure to advise Petitioner that, as a consequence of his guilty plea, he could receive an increased criminal history score under the United States Sentencing Guidelines in the event he faced future federal charges. DE #1 (Petition) at 17-20. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has conducted an initial review of the petition. For the reasons set forth below, the Court recommends that the District Court transfer the petition to the federal district of conviction.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Banks affirmed under penalty of perjury that he executed and filed the petition on March 20, 2013.

[2] Page numbers correspond to those imposed by the Court's CM/ECF electronic filing system.

1

Banks's petition presents a host of deficiencies and issues. Section 2254 provides that "a person *in custody* pursuant to the judgment of a State court" may seek a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a) (emphasis added). From the face of Banks's petition, it is unclear whether he is "in custody" pursuant to the targeted Pennsylvania state court judgment. The Supreme Court has adopted an "expansive definition of the 'custody' requirement of the habeas statute." *Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1131 (1973); *see also Garlotte v. Fordice*, 115 S. Ct. 1948, 1951 (1995) (recognizing the Court's liberal construction of the "in custody" requirement for purposes of federal habeas). In particular, the Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 109 S. Ct. 1923, 1925 (1989). Here, Banks is currently in *physical* custody at the United States Penitentiary-McCreary ("USP-McCreary") in this District (DE #1 at 2), apparently pursuant to a distinct federal judgment in the United States District Court for the Middle District of Pennsylvania, Case No. 1:11-CR-02-CCC.[3] This fact, however, does not necessarily mean that he is not "in custody" pursuant to the state court judgment for the purposes of § 2254. *See Braden*, 93 S. Ct. at 1125.

The Court doubts but does not decide whether Banks is still "in custody" pursuant to the 2002 conviction. Banks does not allege that he received a suspended sentence or that any element of the sentence is unexpired. To the extent the sentence is unexpired,

---

[3] The Court gathered this information using the federal court system's PACER ("Public Access to Court Electronic Records") website, www.pacer.gov. The federal conviction, it seems, is for conduct post-dating and factually unrelated to the state convictions.

"carry[ing] with it possible revocation of suspension or other adverse action," it likely meets § 2254's custody requirement. *See Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir. 1986). On the other hand, to the extent Banks "suffers no present restraint" from the conviction, *Garlotte*, 115 S. Ct. at 1951, he cannot meet the custodial prerequisite for habeas relief. The record is unclear (and incomplete) and depends on the particulars of the conviction and perhaps niceties of Pennsylvania law. Banks also references an intervening conviction, which may complicate the analysis. *See* DE #1-3 at 5 (noting a 519-day sentence handed down on February 19, 2010).

Because Banks's habeas petition raises an issue of Pennsylvania law, the question arises: Is the Eastern District of Kentucky the proper forum to hear his claims? In *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2722 (2004), the Supreme Court affirmed that, "for core habeas petitions challenging *present* physical confinement, jurisdiction lies in only one district: the district of confinement." (emphasis added). The Court explained, however, that where a prisoner in physical custody in one state challenges a form of nonphysical custody imposed or threatened by another state, "habeas jurisdiction requires only 'that the court issuing the writ have jurisdiction over the custodian.'" *Id.* at 2723 (quoting *Braden*, 93 S. Ct. at 1130).

Here, in the petition, Banks names as respondent J.C. Holland, the Warden of USP-McCreary, his immediate physical custodian. Again, however, Banks does not contest the validity of the federal conviction resulting in his immediate physical custody. Rather, he contests a 2002 conviction from the Pennsylvania state court. Under these circumstances, the proper respondents for the petition may be both Holland, the officer with current physical custody, *and* the attorney general of the state where judgment was

entered, *i.e.*, the attorney general of Pennsylvania.[4]  *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts (Advisory Committee Notes, 1976 Adoption, addressing respondent identity in various scenarios involving attack against other than present custody).  The Court notes, however, that in *Padilla*, the Supreme Court, discussing *Braden*, stated again that the proper respondent to an Alabama prisoner's habeas petition challenging a detainer lodged against him in Kentucky "was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged."  *Padilla*, 124 S. Ct. at 2719.  According to the Court, this "made sense" because the Alabama warden was not the person holding the prisoner "in what was alleged to be unlawful custody."  *Id.* (citing *Braden*, 93 S. Ct. at 1129) (internal quotation marks omitted); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 952 n. 6 (7th Cir. 2006); *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010).  *Padilla* confirmed *Braden*'s validity in non-core proceedings—those not contesting current physical custody.  The Court agreed that in a challenge, as here, to something other than physical confinement, the immediate custodian rule is inapplicable.  In any event, while the propriety of naming the USP-McCreary warden as a respondent is not entirely clear, it *is* clear that a Pennsylvania state official is a proper respondent to Banks's petition.  Such state officials have the *Braden* "legal control" over the "challenged custody."  *Padilla*, 124 S. Ct. at 2719-25. Accordingly, transfer of the petition to the state of conviction is permissible, as that state

---

[4] Indeed, Banks lists the Attorney General of the state as Kathleen Kane.  The Court's independent research verifies that Ms. Kane is currently the Attorney General of Pennsylvania.

4

will have jurisdiction over the state officer alleged to be holding Banks in unlawful custody. *See Putnam v. Rios*, 2007 WL 20071777, at *4-5 (E.D. Ky. July 19, 2007).

Moreover, the Court finds that transfer to the state of conviction is warranted and appropriate under the standards of 28 U.S.C. § 1404(a).[5] As noted by the Eastern District of Michigan in *Curley*, "[c]ommon sense dictates that this matter would best be litigated" in Pennsylvania, the district of conviction, as this venue is more familiar with the law of the state of conviction. *Curley*, 749 F. Supp. 2d at 647. Retaining jurisdiction over Banks's petition "would place this court in a bizarre position of potentially setting aside" a Pennsylvania state court conviction, "[a] proposition that seems unattainable or at least completely undesirable." *Id.* at 647 (quotation omitted). In addition, transfer resolves any questions about this Court's ability to obtain personal jurisdiction over Pennsylvania state officials. In short, Kentucky is not the best forum, and may not even be a valid forum, for Banks's claims.[6]

---

[5] Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With §1404(a), "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citation omitted). In making a decision pursuant to § 1404(a), courts should consider several elements, including case-specific factors, public-interest factors, and private concerns. *Id.*

[6] Although recommending transfer, the Court notes that the habeas statute of limitations appears to bar Banks's claim. 28 U.S.C. § 2244(d)(1). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Accordingly, for the reasons discussed above, the Court **RECOMMENDS** that the District Court **TRANSFER** the petition for writ of habeas corpus to the United States District Court for the Middle District of Pennsylvania.[7] *See* 28 U.S.C. § 81(a)(3).

---

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, Banks states that the Court of Common Pleas of York County entered the judgment of conviction he challenges on April 29, 2002. DE #1 (Petition) at 2. Banks further indicates that he did not appeal the conviction. *Id.* at 3. Accordingly, Banks's Pennsylvania conviction became final thirty days post-judgment, in October of 2002, when his time to appeal expired. *See* Penn. R. Crim. P. 720(A)(3). Banks filed his habeas corpus petition well more than one year after the conviction became final, rendering it facially time-barred under § 2244(d)(1)(A). The only evident collateral proceeding is one Pennsylvania dismissed in 2013 as untimely. DE #1-3.

Banks alleges that the court's holding in *Lovan v. Wingo*, 315 F. Supp. 656 (W.D. Ky. 1970), which Banks mistakenly attributes to the Sixth Circuit, should permit review of his claims. Banks takes *Lovan*, a pre-AEDPA case, out of context, and it does not here apply. *Lovan* held that a federal court will not summarily dismiss a petition, simply because the respondent alleges failure to exhaust, if state procedural rules "have the effect of rendering such applicants without a state remedy in actual practicality." *Id.* at 658. Banks nowhere alleges that he was without a state remedy, and the record does not support such a finding.

Here, Banks knew the alleged non-advice and yet did not timely file a § 2254 application. Further, to the extent Banks cites/attempts to invoke *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Court fails to see how Banks's claim implicates *Martinez*. Ultimately, however, the court in Pennsylvania will have to decide issues regarding the statute of limitations, including whether Banks may be able to make an argument that would justify equitable tolling of the limitation period.

[7] Because a transfer order is not a "final order" within the meaning of 28 U.S.C. § 2253(c)(1)(A), there is no need for a certificate of appealability analysis. *See Van Orman*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.[8] Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 27th day of March, 2013.



Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge

---

*v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1992); *Mohler v. Gunja*, 11 F. App'x 321 (4th Cir. 2001).

[8] There is some debate regarding whether a decision to transfer is a dispositive matter under 28 U.S.C. § 636(b)(1)(B), or a non-dispositive matter under § 636(b)(1)(A). *See Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691, 692-93 (E.D. Mich. Oct. 12, 2010). Courts treating a decision to transfer as non-dispositive reason that such decisions "do not address the merits of the case, but only the forum where an action is adjudicated[.]" *Id.* at 692 (citing cases); *see also Jackson v. Federal Bureau of Prisons*, 2010 WL 3908654 (W.D. Mich. Oct. 1, 2010). Courts treating a transfer decision as dispositive reason that "activity in the case *in that forum* is terminated." *Payton*, 743 F. Supp. 2d at 693 (emphasis in original); *see also Setzer v. State*, 1985 WL 6032, at *1 (D. Del. Nov. 7, 1985).

A district judge reviews objections to a magistrate judge's recommendation on a dispositive matter *de novo*. *See* § 636(b)(1)(B)-(C). The review standard for a magistrate judge's order on a non-dispositive matter is "clearly erroneous or contrary to law." § 636(b)(1)(A). Here, the Court is recommending transfer *sua sponte*, after conducting an initial review of Banks's habeas petition, not pursuant to any motion for a change of venue. Further, § 636(b)(1)(B) specifically references applications for post-trial relief filed by individuals convicted of criminal offenses, and the Court's recommendation, if accepted, will dispose of Banks's petition in this District. For these reasons, the Court issues this recommendation under subsection (B) of the statute, preserving Banks's right to *de novo* review, to the extent he files objections in the requisite time period.