IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAMAR L. BANKS,  :
 :
    Petitioner  :
 :
v.  : CIVIL NO. 4:CV-13-1196
 :
J. C. HOLLAND, WARDEN,  : (Judge Brann)
 :
    Respondent  :

**MEMORANDUM**

July 10, 2013

**Background**

    This pro se habeas corpus action pursuant to 28 U.S.C. § 2254 was initiated in the United States District Court for the Eastern District of Kentucky by Shamar L. Banks, an inmate presently confined at the McCreary United States Penitentiary, Pine Knot, Kentucky, (USP-McCreary). Named as Respondent is USP-McCreary Warden J. C. Holland. The matter was subsequently transferred to this Court.

    Petitioner does not challenge the legality of his ongoing federal sentence. Rather, Banks' action seeks federal habeas corpus relief pursuant to § 2254 with respect to a guilty plea which he entered in two criminal prosecutions (CP-67-CR-

1

1053- 2002 & CP-67-CR-1781-2002) in the Court of Common Pleas of York County, Pennsylvania.

By Order dated June 24, 2013, Petitioner was advised, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), that (1) he can have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").[1] See Doc. 7. Petitioner was also forewarned that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

Banks was provided with a Notice of Election form and directed to notify this Court within forty-five (45) days as to how he wished to proceed in this matter.

On July 5, 2013, Petitioner filed the Notice of Election form wherein he

---

[1] Miller and Mason sought to prevent pro se litigants from unintentionally defaulting federal claims through failure to assert them in a single petition.

notified this Court that he wishes to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one year-year time limit for filing such a petition.[2] He also acknowledged that the AEDPA statute of limitations might bar the filing of any such successive petition. See Doc. 8.

Based upon an application of the standards announced in Miller and Mason to Banks' announced intention that he does not wish to proceed with his present petition, this Court is precluded from ruling upon his action as filed. Consequently, since Banks has expressed that he does not wish to proceed with his petition, it will be dismissed without prejudice. An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[2] Petitioner is forewarned that her new petition would have to be submitted within the one year period of limitation authorized under 28 U.S.C. § 2244(d)(1).